UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN HOOKS,

                Plaintiff,

   -against-

THE UNITED STATES OF AMERICA,

                Defendant.
-------------------------------------------------------------X

JUDGE ROBINSON

**COMPLAINT**

08 CIV. 6751

    Plaintiff, by his attorneys, KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP, complaining of the defendant, upon information and belief, sets forth and alleges as follows:

    FIRST:    That this action is based upon the Federal Tort Claims Act, 28 U.S.C.§ 1346(b); that the plaintiff, JOHN HOOKS, is a citizen of the United States and resides at 82 First Street, Newburgh, New York, 12550 which is in the above judicial district; and that the acts and omissions herein complained of occurred are properly venue in said judicial district pursuant to 28 U.S.C.§ 1402(b).

    SECOND:    That on or about July 5, 2007, at approximately 8:05 a.m., plaintiff, JOHN HOOKS, was a "resident" at defendant's VA Hospital in Montrose, New York and was properly on the premises as a Veteran attending a comprehensive work-therapy program. On said date, and at the time of the occurrence herein complained of, the defendant, UNITED STATES OF AMERICA, owned, maintained and controlled the premises known as the U.S. Department of Veteran Affairs Hospital ("the VA Hospital") located in Montrose, New York.

    THIRD:    That at the time of the occurrence complained of, plaintiff was in the corridor that runs east and west that leads to building 5 and connects to building 6 of the

1

aforementioned VA hospital when the ceiling collapsed falling upon plaintiff and severely injuring him and partially burying him in the rubble.

FOURTH: That at the time of the occurrence herein complained of, and at all times prior thereto, plaintiff was properly on the premises and acted in the exercise of ordinary care for his own safety.

FIFTH: That at the time and place herein complained of, the UNITED STATES OF AMERICA, the defendant, by its agents, servants and/or employees, carelessly and negligently maintained the premises.

SIXTH: Moreover, it is well-established that the doctrine of res ipsa loquitur is readily applicable under the facts and circumstances involving the collapsing and falling plaster ceiling; and that the defendant, its agents, servants and/or employees, knew and/or should have known that the condition of the plaster and ceiling area was deficient, aged, in need of repair and/or replacing long before the date of the occurrence, July 5, 2007, and otherwise knew and/or should have known of the dangerous condition of its premises long before the complete collapse of the ceiling.

SEVENTH: That as a direct and proximate result and in consequence of the negligence of the defendant, by its agents, servants and/or employees, the ceiling collapsed on its premises and the plaintiff was thereby injured.

EIGHTH: That on or about July 26, 2007, the plaintiff, JOHN HOOKS, filed a proper SF-95 form, which included a claim for personal injury in the amount of $1,500,000.00.

NINTH: That on or about August 6, 2007, plaintiff, through his representatives, received from the Office of Regional Counsel an acknowledgment that on July 30, 2007, it had received the standard form SF-95 claim for damage, injury or death that had been executed by

2

the plaintiff, JOHN HOOKS, in connection with Mr. Hooks's claim against the agency, Department of Veteran Affairs.

TENTH: Thereafter, the Regional Council for the Department of Veteran Affairs, set forth a number of informational requests pursuant to federal regulations (28 C.F.R.§14.4), indicating a number of supporting documents that would be required, and further specifically noting that the government has a period of six months from the receipt of a Notice of Claim within which to make a final determination (28 U.S.C. §2675(a)).

ELEVENTH: The aforementioned acknowledgment letter also indicated that the six-month period does not begin to run until it determines that of all the information it has requested and needs has been fully submitted.

TWELFTH: Thereafter, plaintiff submitted various medical documents and other supporting information including a medical narrative dated December 13, 2007.

THIRTEENTH: Thereafter, plaintiff supplied and/or was requested to provide additional information, including updating medical information and various negotiations ensued and continued up through approximately June 30, 2008 when an offer by the government was finally made to resolve the case.

FOURTEENTH: Plaintiff has never received written notice of a final denial of the claim by the agency to which it was properly presented by regular mail, certified or registered mail, or in any other manner.

FIFTEENTH: Upon information and belief, plaintiff's claim should be deemed legally denied is therefore proper and timely pursuant to 28 U.S.C. §2401(a) and 28 U.S.C. § 2675(a).

SIXTEENTH: That as a direct and proximate result and in consequence of the negligence of the defendant, plaintiff has sustained injuries of a severe and personal nature to his head, body,

limbs and nervous system; and that as a result of his said injuries, he has suffered and with reasonable certainty he will continue to suffer great pain, and as a further result of defendant's negligence plaintiff has been and will be permanently, partially disabled.

**WHEREFORE**, plaintiff, JOHN HOOKS demands compensatory damages for past and future pain and suffering in the amount of $1,500,000.00., together with the costs and disbursements of this action.

Dated: White Plains, New York
       July 21, 2008

    KEEGAN, KEEGAN, KEEGAN & STRUTT, LLP
    Attorneys for Plaintiffs
    81 Main Street
    White Plains, New York 10601
    (914) 683-1100

    By: _____
        BARRY R. STRUTT (6725)